**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| AARON HIRSCH, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | **Civil Action No.** 4:18-cv-245-Y |
| USHEALTH ADVISORS, LLC and USHEALTH GROUP, INC., | § § § | |
| Defendants. | § § | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT, AND COUNTERCLAIM

Defendants' USHealth Advisors, LLC ("USHA") and USHealth Group, Inc. ("USHG") (collectively referred to as "Defendants" answers Plaintiff Aaron Hirsch's ("Plaintiff") Amended Class Action Complaint ("Complaint") and asserts a Counterclaim against Plaintiff.

## ANSWER

## INTRODUCTION

1.     Defendants admit Plaintiff brings the Complaint, and deny the remaining allegations contained in Paragraph 1 of the Complaint.

2.     Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.     Paragraph 3 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 3 of the Complaint.  Defendants further deny that any class can or should be certified and deny that Plaintiff or any putative class members are entitled to such relief requested in Paragraph 3 of the Complaint.

## PARTIES

4.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants deny that USHA sells insurance products.   Defendants admit the remaining allegations in Paragraph 5 of the Complaint.

6.      Defendants deny that USHA sells insurance products.   Defendants admit the remaining allegations in Paragraph 6 of the Complaint.

7.      Defendants admit Plaintiff attempts to qualify the pleading of an act or omission through the quasi-definition stated in Paragraph 7 of the Complaint.  Defendants deny the merits of any allegation that was made or may be inferred from same.

## JURISDICTION AND VENUE

8.      Defendants admit the allegations in Paragraph 8 of the Complaint.

9.      Defendants admit conducting business in this district and division but deny the remaining allegation in Paragraph 9 of the Complaint.

10.     Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.     Defendants admit venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1).  Defendants deny the remaining allegations contained in Paragraph 11 of the Complaint.

12.     Defendants admit the allegations in Paragraph 12 of the Complaint.

13.     Paragraph 13 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint states a legal conclusion to which a response is not

required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.     Paragraph 15 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint, and all of its subparts, states a legal conclusion to which a response is not required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 16 of the Complaint, and all of its subparts.

17.     Paragraph 17 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     Paragraph 19 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     Paragraph 20 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.     Paragraph 21 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     Paragraph 22 of the Complaint states a legal conclusion to which a response is not required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 22 of the Complaint.

## COMMON FACTUAL ALLEGATIONS

23.     Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint, and all of its subparts.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint.

## FACTUAL BACKGROUND AS TO PLAINTIFF

30.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.  Defendants also deny the validity of Plaintiff's alleged registration on the NDNC due to his systematic and continuous use of his cellular telephone for business purposes beginning as early as 1997.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint, as Plaintiff has admitted to using his cellular telephone number for business purposes.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     Defendants admit that Plaintiff consented to receive a call from someone selling

4

health insurance, and deny the remaining allegations contained in Paragraph 35 of the Complaint. It is further denied that Plaintiff asked during the November 10, 2017 telephone call to be "added on the company's do-no-call list".

36. Defendants admit that certain of the quoted statements in Paragraph 36 of the Complaint appeared on the referenced website.

37. Defendants admit that certain of the quoted statements in Paragraph 37 of the Complaint appeared on the referenced website.

38. Defendants admit that certain of the quoted statements in Paragraph 38 of the Complaint appeared on the referenced website.

39. Defendants admit that certain of the quoted statements in Paragraph 39 of the Complaint appeared on the referenced website.

40. Defendants deny (1) that the call alleged in Paragraph 40 of the Complaint was by or on behalf of Defendants; and (2) that RJ Martin held himself out as an agent for Defendants. Otherwise, Defendants admit RJ Martin, an independent insurance agent, called Plaintiff on November 13, 2017 after Plaintiff expressly consented to receive that telephone call.

41. Defendants admit RJ Martin called Plaintiff as a licensed insurance agent, not as an "operator," but otherwise deny the remaining allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants admit that the initial Complaint was filed on March 29, 2018 and

served on April 11, 2018 but otherwise deny the remainder of the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants admit that on July 14, 2018, Plaintiff scheduled and consented to receive a call from an independent insurance agent, who then called him pursuant to that request. Defendants deny the remaining allegations in Paragraph 48 of the Complaint.

49.     With respect to Paragraph 49 of the Complaint, Defendants admit that Jacqueline Levine an independent insurance agent licensed to sell insurance products, and not an "agent" of Defendants as defined in Paragraph 7 of the Complaint.   Defendants deny the remaining allegations contained in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

## LEGAL BASIS FOR CLAIMS

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.     Defendants admit Plaintiff brings the Complaint, and deny the remaining

allegations contained in Paragraph 61 of the Complaint

62.     Defendants admits that Plaintiff purports to bring this case as a class action but denies that any class can or should be certified and denies that Plaintiff or any class members are entitled to such relief.

## CLASS ACTION ALLEGATIONS

63.     Defendants admit that Plaintiff purports to bring this case on behalf of the Classes defined in Paragraph 63 of the Complaint, and all of its subparts, but deny that any class can or should be certified and deny that Plaintiff or any class members are entitled to such relief.

64.     Defendants admit Plaintiff seeks to reserve right to modify as asserted in Paragraph 64 of the Complaint but denies the merits of or entitlement to any such unilateral modification.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint, and all of its subparts.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants deny Plaintiff has been damaged and deny all the allegations contained in Paragraph 74 of the Complaint..

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

## FIRST CAUSE OF ACTION

78. Defendants re-allege and incorporate the foregoing paragraphs as if fully set forth herein.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

## SECOND CAUSE OF ACTION

85. Defendants re-allege and incorporate the foregoing paragraphs as if fully set forth herein.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

## THIRD CAUSE OF ACTION

87. Defendants re-allege and incorporate the foregoing paragraphs as if fully set forth herein.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint.

## FOURTH CAUSE OF ACTION

93.     Defendants re-allege and incorporate the foregoing paragraphs as if fully set forth herein.

94.     Defendants deny the allegations contained in Paragraph 94 of the Complaint.

## FIFTH CAUSE OF ACTION

95.     Defendants re-allege and incorporate the foregoing paragraphs as if fully set forth herein.

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint.

## SIXTH CAUSE OF ACTION

102.    Defendants re-allege and incorporate the foregoing paragraphs as if fully set forth herein.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106.    Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107.    Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.    Answering the unnumbered paragraphs including Plaintiff's prayer for relief and

its paragraphs "a." through "g.", Defendants deny that Plaintiff is entitled to the relief sought.

109.   Defendants deny each and every allegation in the Complaint not specifically admitted herein and deny that Plaintiff is entitled to the relief requested in the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible basis for class relief pursuant to Federal Rule of Civil Procedure 23, in that, *inter alia*, Plaintiff cannot identify an ascertainable class and, even if it could, the claims Plaintiff asserts cannot be common or typical of the claims of the putative class, and Plaintiff and his counsel are not adequate representatives of the class because their close friendship creates a present conflict of interest; nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff assert warrant class treatment. The elements of Rule 23(a) and (b) cannot be met.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his and class members' consent to receive solicitations on their cellular and/or telephone numbers, and by holding their cellphone numbers out to the public as business telephone lines.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred by the doctrine of consent. Plaintiff and members of the proposed class consented to receive calls.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's and putative class members' damages, if any, and none being admitted, were not caused by Defendants, but by another person or entity, including Plaintiff and putative class members, for whom Defendants are not responsible and over whose activities Defendants exercise no control and/or have no right to control.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants are not subject to personal jurisdiction in this Court because Defendants did not initiate, call, or send the alleged calls and/or texts to Plaintiff or the putative class members.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff did not suffer any concrete harm or actual injury.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff and putative class members did not suffer any concrete harm separate and apart from a violation of the TCPA, and Plaintiff and putative class members therefore lack standing.

## TENTH AFFIRMATIVE DEFENSE

Defendants complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by Defendants' compliance with all applicable State, Federal, and local laws and regulations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the TCPA violates Defendants' First Amendment

right to free speech.  Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the imposition on Defendants of statutory damages and/or exemplary/punitive damages under the TCPA, within the context of a class action, is violative of Defendants' constitutional rights under the Due Process provisions of the United Statutes Constitution and the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

## THIRTEENTH AFFIRMATIVE DEFENSE

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions.  The TCPA's legislative history supports a conclusion that class actions were not intended, but rather that Congress envisioned the statute as providing a private right of action to consumers receiving the specifically prohibited communications, allowing them to pursue the statutory damages of $500 in small claims court without an attorney.  In holding that a class action could not proceed under the TCPA, one federal district court determined that the statutory remedy is designed to provide adequate incentive for an individual plaintiff to bring suit on his own behalf. A class action would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements.  *See Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 404-05 (E.D. Pa. 1995).

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Unclean Hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred by the doctrine of ratification.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Doctrine of *In Pari Delicto*.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by Plaintiff's fraud upon Defendants and upon this Court. Specifically, Plaintiff intentionally defrauded Defendants by providing consent to third party lead generators who then provided Plaintiff's contact information to independent insurance agents licensed to sell USHA products.   Plaintiff provided his consent with the intention that independent insurance agents would rely on his misrepresentation in order to call him and attempt to sell him health insurance products, so that Plaintiff could bring this lawsuit and hope to recover monetary damages.   He also did it to assist his counsel and personal friend in recovering attorneys' fees.   Independent insurance agents did indeed rely upon his consent – a misrepresentation – and now Defendants have been injured by having to defend this frivolous suit that arose because of Plaintiff's fraud.

WHEREFORE,   USHEALTH ADVISORS, LLC AND USHEALTH GROUP, INC. request that this Court enter judgment against Plaintiff and in favor of Defendants, dismiss this action with prejudice, deny Plaintiff's request for class certification, award Defendants their reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

## COUNTERCLAIMS

Defendants USHEALTH Advisors, LLC ("USHA") and USHEALTH Group, Inc. ("USHA") (together referred to as "USHEALTH" or "Defendants") hereby assert the following Counterclaim against Plaintiff Aaron Hirsch.

## PARTIES AND JURISDICTION

1.     USHA is a limited liability company organized under the laws of Texas and maintains is principal place of business in Fort Worth, Texas.

2.     USHG is a corporation organized under the laws of Delaware and maintains its principal place of business in Fort Worth, Texas.

3.     Plaintiff is a citizen of Maryland and resides in Montgomery County, Maryland.

4.     The Court has subject matter jurisdiction over USHA's Counterclaim under 28 U.S.C. § 1367(a) because it is so related to the Plaintiff's claims that they form part of the same case or controversy under Article III of the United States Constitution.

## FACTS

5.     Plaintiff, by his own admission, is a professional plaintiff under the TCPA.

6.     Plaintiff has filed multiple lawsuits under the TCPA and maintains a Google Sheet (a cloud-based spreadsheet) that he shares with the attorney representing him in this case – a close friend – in which he records hundreds of telephone calls for the sole purpose of filing lawsuits under the TCPA.

7.     In his own words, Plaintiff approaches each telephone call he receives from a number he does not know with a "goal" in mind: identify the caller for his notes so that he can conduct additional research and create a TCPA claim.

8.     Plaintiff even keeps multiple telephone lines, which he does not use, in hopes of

14

generating more telephone calls to drum up his business of bringing claims under the TCPA.

9.    To increase the calls he receives, Plaintiff consents be contacted, but then alleges that the calls and/or text messages he complains of are "unsolicited".  For example, in this case Plaintiff admitted in his deposition that on numerous occasions, when a third party lead generator asked if Plaintiff was interested in a call back from an independent insurance agent licensed to sell USHA products, Plaintiff "said yes."  On at least one of the calls, Plaintiff lied about his zip code and how much he pays for health insurance in order to make himself a more attractive candidate to receive a second call.  Plaintiff admitted in his deposition that each of the subsequent calls back to him was made with his consent.  Plaintiff even goes so far as to request to be placed on a company's Internal do-not-call list only to later provide his consent to receive additional telephone calls from that company – he then files a lawsuit, like this one, for purported violations of that company's internal do not call procedures.

10.    Plaintiff also keeps his cellular telephone number registered on the National Do-Not-Call Registry ("NDNC"), which is exclusively for residential subscribers, even though he has used is cellular telephone continuously and systematically for his business(es) since as early as 1997.

11.    What's more, Plaintiff is a very close friend of his attorney, admitting they socialize frequently and vacation; their children are friends.  They have a shared goal of financial gain from this case, and Plaintiff's other class actions.  Plaintiff even admitted to soliciting potential class plaintiffs on Facebook so that he could "sell" the individual's claim to the very same attorney representing him in this case.

12.    In sum, this lawsuit was orchestrated by Plaintiff (perhaps in conjunction with his counsel).  He knew when he spoke to the third party lead generator that by opting in and

consenting to receive a call back from an independent insurance agent that such individuals, licensed to sell USHA products, would rely on that consent to call and/or text Plaintiff on the cellular telephone number he provided as the telephone number he wanted to be contacted. Instead of simply saying no to receiving a call back, Plaintiff intentionally acted interested and invited the subsequent communications in order to achieve his "goal" of filing a lawsuit claiming that the invited communications are somehow unsolicited and entitle him (and a nonexistent class) to collect damages under the TCPA.

13.   USHA's independent insurance agents, licensed to sell USHA products, relied on information that Plaintiff provided to the third party lead generator[1], and the consent that he gave to that third party lead generator, and took actions to sell him insurance based on the consent.   The independent insurance agents relied on Plaintiff's consent.   As reflected by Plaintiff's Complaint and Amended Complaint, it is this conduct that Plaintiff's claims against Defendants are based – without any basis in law or fact and solely a result of the fraud perpetrated by Plaintiff.   Defendants have been forced to defend this lawsuit and have been substantially damaged as a result.   In addition, Defendants have now been required to engage attorneys and incur costs associated with defending against this frivolous lawsuit that was manufactured by the Plaintiff.

---

[1] The third party lead generator is not accused by Plaintiff of making this initial telephone call in violation of the TCPA.  Indeed, the original Complaint alleged that the initial telephone call was made via ATDS; however, that claim has been dropped.  None of the telephone calls alleged are alleged to be made via ATDS or prerecorded messages.  And, Plaintiff admitted in his deposition that each of the telephone calls he claims to have received from an independent health insurance agent licensed to sell USHA insurance products was made with consent.

## COUNTERCLAIM FOR COMMON-LAW FRAUD

14.    Defendants incorporate by reference the allegation set forth in Paragraphs 1 through 12 above.

15.    Under Texas law, Plaintiff has committed common-law fraud against Defendants because he made a material, false representation that he knew was false and that he intended to be relied upon for the sole purpose of him receiving additional telephone calls.  Plaintiff did this so that he could then use the receipt of those consented-to telephone calls to file a lawsuit against Defendants.  The third party lead generator and the independent insurance agents that made the telephone calls in response to Plaintiff's consent relied on Plaintiff's consent misrepresentations to their detriment.  Because Plaintiff's intent was to attempt to build a case against Defendants, Defendants has been damaged not only to its reputation, but also in the form of monetary damages for having to retain counsel and defend this lawsuit.

16.    Specifically, on at least three separate occasions, November 10, 2017, July 14, 2018, and November 8, 2018, Plaintiff gave USHA and/or third parties consent to receive telephone calls and/or text messages to his cellular telephone for the purpose of hearing more information about USHA products.

17.    Plaintiff intended USHA and/or independent insurance agents licensed to sell insurance products to rely on these representations so that Plaintiff would be contacted.

18.    Despite knowing that he did not want to actually receive the telephone calls he consented to receiving, had no intention of purchasing USHA products, and knowing that he listed his cellular telephone number on the NDNC while continuing to use the number substantially for business purposes – exempting the number from NDNC protection – Plaintiff continues his misrepresentations by now falsely claiming those telephone calls and/or

messages were "unsolicited" in his Amended Class Action Complaint, causing USHA to incur attorneys' fees and costs in this contrived lawsuit.

## COUNTERCLAIM FOR FRAUD BY NONDISCLOSURE

19.   Defendants incorporate by reference the allegation set forth in Paragraphs 1 through 12 above.

20.   Under Texas law, Plaintiff is liable for fraud by nondisclosure.  Plaintiff knew after the initial call on November 10, 2017, prior to receiving all other alleged calls and filing this lawsuit, that he affirmatively gave USHA and/or third parties consent to receive the telephone calls and text messages which he now complains of.  Plaintiff took no actions to disclose or correct that opt-in.

21.   To the extend Plaintiff did not wish to receive telephone communications from third parties at his cellular telephone number, he intentionally concealed from or failed to disclose that fact to Defendants.  Plaintiff did this intentionally to manufacture this lawsuit.

22.   Plaintiff is knowledgeable about the TCPA and maintains a database of calls and information about companies in order to bring claims against them in the future.  Plaintiff has filed multiple lawsuits under the TCPA in the past.  Because Plaintiff was the person with the most knowledge related to whether he wished to receive calls or texts to his cellular telephone, and he was well aware of potential liability under the TCPA (based on his admitted knowledge and previous lawsuits), Plaintiff had a duty to disclose to Defendants and the third party callers that he did not wish to receive the complained calls and texts.

23.   Plaintiff's failure to disclose that he did not wish to receive the communications on the initial phone call that he consented to receive future communications, November 10, 2017, and additional calls on which he consented again, July 14, 2018, and November 8, 2018,

18

Plaintiff intended Defendants and their independent insurance agents to rely on Plaintiff's consent and call or text him in reliance on such consent.

24.   Despite knowing about his opt-in and failing to disclose to Defendants that Plaintiff did not want to be contacted, and in fact providing his consent to receive additional calls and texts, Plaintiff claimed those calls and texts were "unsolicited" in his lawsuit. Plaintiff then sued based on his failure to disclose, causing Defendants to incur attorneys' fees and costs against this frivolous lawsuit.

WHEREFORE, USHEALTH ADVISORS, LLC AND USHEALTH GROUP, INC. request that this Court enter judgment against Plaintiff and in favor of Defendants, that Plaintiff is liable for common-law fraud and fraud by nondisclosure, and award Defendants actual damages, exemplary damages, interest, costs, their reasonable attorneys' fees and costs incurred in defending this action which was brought as a result of the fraud, and for such other relief this Court deems just and proper.

Dated: March 11, 2019                                    Respectfully submitted,

                                                */s/Jeffrey A. Backman*_____
                                                JEFFREY A. BACKMAN
                                                Florida Bar No. 662501
                                                jeffrey.backman@gmlaw.com
                                                khia.joseph@gmlaw.com
                                                **Greenspoon Marder, LLP**
                                                200 East Broward Blvd., Suite 1800
                                                Fort Lauderdale, FL  33301
                                                Tel:  (954) 491-1120; Fax: (954) 213-0140

                                                Daniel L. Bates
                                                State Bar No. 01899900
                                                dbates@deckerjones.com
                                                **DECKER JONES, P.C.**
                                                801 Cherry Street, Unit #46
                                                Burnett Plaza, Suite 2000
                                                Fort Worth, Texas 76102
                                                (817) 336-2400

19

(817) 336-2181 (Fax)

**ATTORNEYS FOR DEFENDANTS,**
*USHEALTH ADVISORS, LLC and*
*USHEALTH GROUP, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2019, a true and correct copy of the foregoing document was forwarded to counsel of record in accordance with the Federal Rules of Civil Procedure, via U.S. Mail and electronic mail, as follows:

Warren T. Burns
Daniel Charest
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
wburns@burnscharest.com
dcharest@burnscharest.com

Michael Dell'Angelo
Arthur Stock
Lane L. Vines
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
mdellangelo@bm.net
lvines@bm.net

Max F. Maccoby
**Washington Global Law Group, PLLC**
1701 Pennsylvania Ave NW, Ste 200
Washington DC 20006
maccoby@washglobal-law.com

*/s/Jeffrey A. Backman*
JEFFREY A. BACKMAN