IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

AARON HIRSCH, individually and on behalf
of all others similarly situated,

     Plaintiff,

        v.

USHEALTH ADVISORS, LLC and
USHEALTH GROUP, INC.,

     Defendants.

**CASE NO.:** 4:18-cv-00245-P

**CLASS ACTION**

**DEFENDANT USHEALTH ADVISORS, LLC'S MOTION TO STAY JUDGE
CURETON'S FEBRUARY 14, 2020 ORDER, OR, ALTERNATIVELY, TO EXTEND
THE DEADLINE TO COMPLY WITH THE ORDER**

Defendant, USHEALTH Advisors, LLC ("USHA" and together with USHEALTH Group,

Inc., "Defendants"), moves to stay the discovery Order entered by Judge Cureton on February 14,

2020 (ECF 137, "Order") pending review of USHA's Objections filed under Federal Rule of Civil

Procedure 72(a) ("Objections").  Alternatively, if the Court does not stay the Order, then, pursuant

to Federal Rule of Civil Procedure 6(b), USHA requests that the deadline to comply with the Order

be extended by at least sixty (60) days to May 12, 2020.

## ARGUMENT

### I.    LEGAL STANDARD

District courts have wide discretion in controlling discovery.  *Smith v. Potter*, 400 Fed.

Appx. 806, 813 (5th Cir. 2010) (citing *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir.

1986)).  Court's in this District have stayed magistrate judges' orders while a litigant's objections

are pending. *See, e.g., In re Ex Parte Application of Grupo Mexico SAB de CV for an Order to*

*Obtain Discovery for Use in a Foreign Proceeding*, No. 3:14-MC-0073-G, 2015 WL 12916415,

at *2 (N.D. Tex. Mar. 10, 2015), *aff'd sub nom. Grupo Mexico SAB de CV v. SAS Asset Recovery,*

*Ltd.*, 821 F.3d 573 (5th Cir. 2016); *State Farm Mut. Auto. Ins. Co. v. Friedman*, No. CIV.A.3:98CV2918-L, 2002 WL 649417, at *1 (N.D. Tex. Jan. 14, 2002). In determining whether to issue a stay of a discovery order, courts assess the movant's likelihood of success and weigh the equities as they affect the parties and the public. When considering a motion to stay, courts in the Fifth Circuit are instructed to consider the following: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially harm the other parties; and (4) whether granting the stay would serve the public interest. *See Nken v. Holder*, 556 U.S. 418, 434 (2009); *O'Bryan v. McKaskle*, 729 F.2d 991, 993 (5th Cir. 1984). Importantly, the movant need not always show a probability of success on the merits, but the factors must weigh in favor of a stay when considered as a whole. *O'Bryan*, 729 F.2d at 993. Each of the four factors weighs in favor of a stay of the Order in this case.

### a.   USHA IS LIKELY TO SUCCEED ON THE MERITS

As described in detail in USHA's Objections to the Order (ECF 142), there are numerous reasons to vacate or at least modify the Order. Without being exhaustive, the Order engaged in no Rule 26(b)(1) proportionality analysis.   The Order did not consider unrebutted case law that proscribes the appropriate scope of discovery for TCPA actions like this one, i.e., that discovery is generally limited to the agent(s), lead generator(s), and/or marketing campaign(s) at issue. The Order compelled USHA to produce documents and go get documents from more than 19,000 people despite the unrefuted evidence – two declarations – that USHA provided in support of its objections based on burdensomeness and lack of possession, custody, or control over certain documents and without making any findings on either of these objections or considering USHA's submitted declarations.   The Order has imposed a mountainous burden on USHA and caused the

proceedings in this case to possibly subsume all other TCPA actions currently pending against USHA.   And, the Order ignored an agreement among the parties to not log post-complaint privileged communications and documents, and otherwise arguably waived USHA's privilege objections as to documents it did not need to log, and in fact could not log, until USHA's other objections were ruled upon (arguably sweeping within it the entirety of the undersigned's litigation files).   These errors, and the others explained in the Objections, are all reversible under Fed. R. Civ. P 72(a) as clearly erroneous, contrary to law, or an abuse of discretion.    Therefore, USHA is likely to succeed on the merits of its Objections.

### b. USHA WILL BE IRREPARABLY HARMED IF A STAY IS NOT GRANTED

The time and cost that USHA will expend to comply with the Order cannot be overstated. This includes an estimate (that is quickly rising) from USHA's e-discovery vendor that exceeds $360,000 just to compile and conduct initial reviews of emails collected as part of a search for documents that *may* be responsive to Plaintiff's Second Requests for Production ("RFP") 10-13. *See* App. at 1-2. That estimate does not include the cost of outside counsel to oversee the project and conduct final reviews of any documents that are ultimately produced.   And that estimate has nothing to do with the Order's mandate that USHA "request documents from the independent insurance agents that USHA has entered into an 'Advisors Agent Agreement' with and take all reasonable efforts to obtain responsive documents that comply with Plaintiff's request[s]."  Order at 8, 9, 10, 11, 13, 14, 15.  Complying with that holding includes identifying every single person in the last six (6) years that entered into some version of the "Advisors Agreement", and their last known email addresses – all 19,437 of them by current count; sending letters to all those individuals and managing responses to those letters; and storing, reviewing, and/or producing any responsive documents that are returned.  That is the simplified version of that process, not taking

into account the many questions raised regarding USHA's responsibility when an E-mail is returned undeliverable; when no response is received; when health insurance agents say no or engage lawyers; or when health insurance agents have questions that require USHA and/or its counsel to interpret what the Court is requiring from these third parties.  The cost of this process, including counsel's time, will likely exceed the hundreds of thousands of dollars expected to be spent completing the e-discovery described in USHA's Objections.  If the Order is vacated or modified, the costs and time incurred prior to the Court's decision cannot be recouped, and will substantially harm USHA.

### c.  ISSUANCE OF A STAY WILL NOT HARM PLAINTIFF

While USHA will suffer great harm if the Order is not stayed, Plaintiff will not be harmed by a brief stay pending Judge Pittman's consideration of USHA's Objections.  Plaintiff has already received records of millions of calls and attempted calls made by independent health insurance agents in the Sarasota Region, containing calls that were made to leads generated by the Honduran lead generator – and more than fifty other lead generators that have no factual nexus to Mr. Hirsch's claims.  He has plenty to work with at the moment.  Moreover, Plaintiff unilaterally cancelled three depositions of USHA employees, originally set to take place on February 19-21, 2020, and intends to re-notice them sometime in April.  Thus, a brief stay of the Order will not delay discovery any further than Plaintiff has already done.  Indeed, while the stay of this Order will not hinder other discovery efforts, courts generally have found that a stay of even up to a year does not constitute undue prejudice.  *See Jean v. City of Dallas, Texas*, No. 3:18-CV-2862-M, 2019 WL 4597580, *3 (N.D. Tex. Sept. 22, 2019); *Quinn-White v. Novartis Pharm. Corp.*, No. CV 16-4300 PSG (AGRx), 2016 WL 11519285, *4 (C.D. Cal. Oct. 7, 2016).  The stay of this

Order will be for a much shorter period of time and will not stay the entire case, but instead will only effect seven (7) requests for production.

Further, Plaintiff has asked Defendants to agree to further extension of the case deadlines, and Defendants have agreed that the Scheduling Order should be amended if the Order is ultimately upheld in some respects.  So, to help avoid any minimal prejudice that Plaintiff may claim would be caused by a brief stay of the Order, Defendants have proposed abating the current upcoming deadlines to allow the Court to review the Order, and then the parties will jointly decide – with the Court's assistance hopefully – what a revised schedule should look like based upon the ultimate impact of the Order.

### d.  A STAY SERVES THE PUBLIC INTEREST

Finally, a stay will serve the public interest.  Certainly, USHA has objected to protect its personal interests in avoiding unduly burdensome and irrelevant discovery, but USHA has also raised objections that ultimately protect all litigants' rights to object to unnecessary discovery, and, more importantly, to have those objections and supporting evidence analyzed under Rule 26(b)(1) prior to being compelled to embark on costly fishing expeditions.  As explained in USHA's Objections, USHA submitted two declarations in support of its burdensomeness objections, but the Order did not consider them or make any specific findings as to why the evidence should not have been considered.  And Plaintiff did not rebut the declarations with any evidence of his own, as was his obligation.  The Order also did not make any findings on whether USHA has "possession, custody, or control" of the documents being requested, despite USHA's specific objections that it does not, and Plaintiff's unmet burden to make a showing otherwise.   And the Order made no findings as to why the scope of discovery here should be different than other cases that dictate that only the agent(s), lead generator(s), and campaign(s) related to the calls made to

the named plaintiff are relevant and discoverable in TCPA class actions – cases that Plaintiff could not rebut.  An Order like this, with no specific findings or analysis under Rule 26(b)(1), treads upon the rights of all litigants making discovery objections in this District, and therefore the public interest is served by staying the Order until the Court has had a chance to review the Objections.

## II.   ALTERNATIVELY, THE DEADLINE TO COMPLY WITH THE ORDER SHOULD BE EXTENDED

Federal Rule of Civil Procedure 6(b)(1)(A) provides district courts the discretion to grant extensions of time for good cause.  "An application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Reed Migraine Centers of Texas, PLLC v. Chapman*, No. 3:14-CV-1204-N, 2020 WL 869888, at *1 (N.D. Tex. Feb. 21, 2020).

Currently, the Order requires USHA to produce responsive documents no later than 4:30 p.m. on March 13, 2020.  Despite UHSA's diligent undertaking to meet that deadline, USHA will not be able to do so.  Complying with the Order entails searching for emails to or from USHA for documents that may be responsive to RFP's 10 and 13 (these searches will cast a wide enough net to include RFP 11 and 12 as well should any more responsive documents exist, even though RFPs 11 and 12 relate only to the named plaintiff and only the "agents" that contacted the named Plaintiff – requests to which responses and responsive documents had already been provided).  USHA has identified about ten (1) USHA employee custodians for this search. That search has already begun and is ongoing; at the moment, it has yielded more than 245,000 emails, not including any attachments to those emails. USHA has engaged an e-discovery vendor to store and organize the data, and conduct initial relevance reviews, and that process is estimated to take thousands of hours.  App. at 1-2.

USHA is also compiling all email addresses for its currently contracted health insurance agents, and all last known email addresses for formerly contracted health insurance agents. This includes 19,437 individuals, and USHA has been able to identify some 18,000 of their email addresses.  USHA is preparing a letter requesting responsive documents to send via email to every one of these individuals that can be identified, and USHA is attempting to allocate resources to field responses, review documents that get returned, and organize and produce such documents if responsive.  The timeframe on completing this project is currently unknown because USHA has no idea how many of these thousands of individuals will reply.

Good cause exists for this request, and a brief extension of time until May 12, 2020 [1] would not cause any prejudice to the parties or the Court. The requested extension will not prejudice Plaintiff for the same reasons that a stay of the Order in its entirety will not prejudice Plaintiff. And, USHA has agreed to jointly move to abate and eventually extend case scheduling deadlines to account for the brief delay in resolving USHA's Objections to the Order and then complying with the hopefully modified Order – or the Order as written – depending on Judge Pittman's rulings.

## **CONCLUSION**

A brief stay of the Order is appropriate because USHA has made meritorious objections to the Order under Rule 72(a), and USHA will suffer substantial harm if the Order is not stayed pending the Court's review of those Objections.  Further, Plaintiff will suffer no harm from the stay and the public interest will be served by allowing the Court to review objections to a discovery Order that contains no proportionality analysis but will cost hundreds of thousands of dollars to

---

[1] USHA will update the Court with a status report after thirty (30) days and request additional time if needed.

comply with.  If, for some reason, the Court does not stay the Order pending Judge' Pittman's review of the Objections, then an extension of USHA's deadline to comply with the Order is appropriate.  USHA requests that the deadline be extended to, at a minimum, May 12, 2020.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, counsel for USHA conferred with counsel for Plaintiff, Lane Vines and Michael Dell'Angelo, on February 27 and 28, 2020, telephonically and via email. Counsel could not come to an agreement because counsel for Plaintiff does not agree that the Order should be stayed pending the Court's review of the Objections, or that an extension of sixty (60) days is appropriate.  Plaintiff's counsel did propose a thirty (30) day extension of the Order, but USHA believes that at least 60 days is more appropriate if the Order is not stayed.

Dated: February 28, 2020

**GREENSPOON MARDER LLP**

*/s/Gregg I. Strock*
JEFFREY A. BACKMAN
Florida Bar No. 662501 (*pro hac vice*)
Gregg I. Strock
Florida Bar No. 1010140 (*pro hac vice*)
jeffrey.backman@gmlaw.com
khia.joseph@gmlaw.com
gregg.strock@gmlaw.com
lisa.webster@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL  33301
Tel:  (954) 491-1120; Fax: (954) 213-0140

Daniel L. Bates
State Bar No. 01899900
dbates@deckerjones.com
**DECKER JONES, P.C.**
801 Cherry Street, Unit #46
Burnett Plaza, Suite 2000
Fort Worth, Texas 76102
(817) 336-2400
(817) 336-2181 (Fax)

***ATTORNEYS FOR DEFENDANTS***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 28, 2020, a true and correct copy of the foregoing document was served upon counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/Gregg I. Strock*
Gregg I. Strock
